IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| CHARMANE SMITH, | ( | |
| Plaintiff, | ( | |
| vs. | ( | No. 06-2122-Ml/An |
| SOUTHWEST TENNESSEE COMMUNITY COLLEGE, et al., | ( | |
| Defendants. | ( | |

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER OF PARTIAL DISMISSAL
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
AND
ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS
ON REMAINING DEFENDANT

Plaintiff Charmane Smith, a resident of Memphis, Tennessee, filed a civil action on February 22, 2006, along with a motion seeking leave to proceed in forma pauperis. On the basis of the information contained in the plaintiff's affidavit, the motion to proceed in forma pauperis is GRANTED. The Clerk shall record the defendants as Southwest Tennessee Community College ("STCC") and Equifax.

The factual allegations in the complaint are vague. The plaintiff alleges that the defendants "refused to discharge an invalid debt that occurred after [her] timely withdrawal and

appeals." Compl., ¶ 1. The Court infers that the plaintiff was a student at STCC, that she took out some type of student loan to pay for her education, that she withdrew from the school and sought cancellation of her student loan, and that her loan was not cancelled. It is not clear whether STCC or some other entity was the lender. The complaint further alleges, without elaboration, that the defendants "are alleged to have committed fraud" on the plaintiff, id., ¶ 2, and her credit record was damaged, presumably due to her nonpayment of the student loan, id., ¶ 3. The defendants are further alleged to have "refused to remove the erroneous and negative information from [plaintiff's] credit record despite receiving documented evidence that the information was incorrect." id., ¶ 5. According to plaintiff, the defendants' refusal was motivated by "discrimination against [plaintiff's] status as a former federal prisoner and psychiatric patient." Id., ¶ 4. The plaintiff seeks sixty million dollars ($60,000,000) in damages.

    The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action—

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Certain aspects of the plaintiff's complaint are subject to dismissal.

The first issue to be considered is whether the Court has subject-matter jurisdiction over this action. The complaint in this case purports to be brought pursuant to three federal statutes. Although the complaint invokes 28 U.S.C. § 1332, which concerns diversity jurisdiction, there is no diversity jurisdiction here because STCC would appear to have its principal place of business in Tennessee. 28 U.S.C. § 1332(c). Twenty-eight U.S.C. § 1346 is also inapplicable here because the United States is not a party.

Accordingly, the Court has subject-matter jurisdiction over this action only if the complaint states at least one claim over which there exists federal question jurisdiction, pursuant to 28 U.S.C. § 1331. The plaintiff presumably relies on the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq. Pursuant to 15 U.S.C. § 1681i(a), credit reporting agencies such as defendant Equifax have a duty to reinvestigate disputed information in a consumer's credit report and to delete or modify any information that "is found to be inaccurate or incomplete or cannot be verified." Id., § 1681i(a)(5)(A)(ii). Consumers may sue in an appropriate federal district court for violations of the FCRA. See id., § 1681p. If a violation is found to be intentional, the plaintiff may obtain actual damages of not more than one thousand dollars ($1000), id., § 1681n(a)(1)(A), plus the possibility of

punitive damages, id., § 1681n(2), and costs, id., § 1681n(3). If a violation is found to be negligent, the plaintiff may obtain actual damages and costs. Id., § 1681o(a). The complaint, construed liberally, Haines v. Kerner, 404 U.S. 519 (1972), alleges a violation of the FCRA by Equifax and, therefore, service will issue on that claim.

The complaint does not contain sufficient factual allegations about STCC to state a potentially viable claim against it under the FCRA, as the complaint does not allege that STCC was a party to the student loan taken out by the plaintiff or that STCC is attempting to collect on that loan. Moreover, the complaint does not allege any basis for federal subject-matter jurisdiction over STCC on the claim that it refused to discharge the student-loan debt. Finally, pursuant to Fed. R. Civ. P. 9(b), allegations of fraud must be pleaded with particularity, and the conclusory assertion in the complaint that the defendants defrauded the plaintiff fail to satisfy that standard.

For all the foregoing reasons, the Court DISMISSES the complaint, with the sole exception of the FCRA claim against Equifax, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

The plaintiff has filed a motion seeking appointment of counsel. Pursuant to 28 U.S.C. § 1915(d), the "court may request an attorney to represent any [indigent] person unable to employ

4

counsel." However, "[t]here is no constitutional or . . . statutory right to counsel in federal civil cases," Farmer v. Haas, 990 F.2d 319, 323 (7th Cir. 1993), and "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants, Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989). Generally, a court will only appoint counsel in exceptional circumstances. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical," Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the pro se litigant's prior efforts to retain counsel, and her ability to present the claims. Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir. 1985); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985).

As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989).[1] At this stage of the proceedings, before the Court

---

[1] The Second Circuit elaborated: "Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." Id.

has had the opportunity to assess the strength of plaintiff's case, the Court is unable to conclude that plaintiff has satisfied that standard. Moreover, a review of this complaint indicates that the case is not so complex that the Court should exercise its discretion to appoint counsel at this time. The motion for appointment of counsel is DENIED.

It is ORDERED that the Clerk shall issue process for the remaining defendant, Equifax, and deliver said process to the marshal for service. Service shall be made on the defendant pursuant to Fed. R. Civ. P. 4(h)(1). A copy of this order shall be served on the defendant along with the summons and complaint. All costs of service shall be advanced by the United States.

It is further ORDERED that the plaintiff shall serve a copy of every further document filed in this cause on the attorney for the defendant or on the defendant if it has no attorney. The plaintiff shall make a certificate of service on every document filed. The plaintiff shall familiarize herself with the Federal Rules of Civil Procedure and this Court's Local Rules.

The plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this 20th day of April, 2006.

     /s/ Jon P. McCalla
JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE